MILTON DENMARK v. THE STATE.

No. 7446. Decided June 20, 1923.

Rehearing denied October 17, 1923.

1.—Assault to Murder—Evidence—Animus of Witness.

Where, upon trial of assault to murder, defendant claimed the accidental discharge of the gun and defendant's witness testified to matters material to the defense, there was no error in showing the relation of the witness with the defendant to show her animus.

2.—Same—Evidence—Full Conversation—Rule Stated.

Where the prosecuting witness had testified on cross-examination that he had stated on the night of the occurrence that it was an accident, there was no error in having him recalled to testify that he had told the sheriff that defendant claimed that it was an accident, but in fact that it was not an accident, in order to give the full version of his conversation.

3.—Same—Rehearing—Sufficiency of the Evidence.

Where, upon trial of assault to murder, there was sufficient evidence to sustain the conviction, there was no reversible error.

4.—Same—Misconduct of Jury—Affidavit of Juror.

Where the juror's affidavit alleged that the jury did not want to find the defendant guilty of aggravated assault because he might have to lie out or work out his fine at the expense of the county, and that they concluded to find him guilty of assault to murder; *held*, that the verdict of the jury cannot be attacked in this manner. Following Turner v. State, 61 Texas Crim. Rep., 77, and other cases.

Appeal from the District Court of Titus. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*I. N. Williams,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The offense is assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of two years.

Martin Grant received a gunshot wound from a gun in the hands of the appellant. It accurred at a gathering or dance at the home of Grant. From the State's testimony, the inference of malice was deducible. Appellant in his testimony advanced the theory of an accidental discharge of the gun.

The witness Bertha Reed testified to matters material to the defense. By questions propounded to her the State's counsel endeavored to show that she was living with the appellant in the same house and as his wife. She did not answer the questions. The bill reveals no error. Her relations with him were admissible to show her animus. A case in point is Crist v. State, 21 Texas Crim. App. 366. See also Branch's Ann. Tex. Penal Code, Sec. 163, p. 94.

While Grant was on the stand and after he had testified giving his version of the alleged assault, he was asked upon cross-examination if he had not on the same night that he was injured told the sheriff, Mr. Reeves, that it was an accident. To this he gave an affirmative answer. He was later recalled and permitted to state that he had told sheriff Reeves that appellant claimed that it was an accident, but that in fact it was not an accident. Reeves gave testimony, in substance, to the same effect. The appellant having put in issue the declarations of Grant in his conversation with Reeves, apparently it was permissible for the State, either in re-direct examinaton or rebuttal, to permit witness to give in full his version of the conversation. The witness having been attacked by a contradictory statement, he was privileged to explain it. Ball v. State, 36 S. W. Rep., 448; Streight v. State, 62 Texas Crim. Rep., 453; Branch's Ann. Tex. P. C., Sec. 93 and 94. The witness Reeves testified to the conversation with Grant in which Grant told him that appellant was claiming the shooting to be an accident, but that, in fact, it was not an accident. The appellant having elicited from Grant on cross-examination a part of the conversation with the sheriff, it was clearly permissible for the State, under art. 811 of the C. C. P. to have detailed the whole of the conversation upon the same subject. As the matter appears in the record, we are of the opinion that no reversible error was committed in receiving Grant's version of the conversation with the sheriff.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

October 17, 1923.

LATTIMORE, JUDGE.—Appellant insists that we erred in not holding the evidence insufficient to support a conviction for assault to murder. We have again reviewed the testimony. Following some trouble with prosecuting witness appellant left a dance, went away, got a shotgun, came back and shot prosecutor. He lived about a mile distant from the home of prosecutor at which the dance was in progress. When he got back with the shotgun his first words were an inquiry for "that bully." In his own testimony appellant said that Grant, the injured party, replied, "Here is that damned bully," and started toward him. In a rather confused explanation of what then occurred appellant said that Grant caught hold of the muzzle of the gun and that he, appellant, shot Grant "so he could get loose and run." The evidence seems to us to amply support the theory that because of the quarrel with Grant appellant went away, got his shotgun and came back and with no further provocation shot Grant in the shoulder. This would seem to support the jury's conclusion that the shooting was upon malice and with intent to kill. The verdict of the jury cannot be attacked by the character of affidavit made by one of the jurors in this case. Without giving the statement of any of the jurors, he says in his affidavit that they did not want to find the accused guilty of aggravated assault because he might have to lay out or work out his fine at the expense of the county and that they concluded to find him guilty of assault to murder. Turner v. State, 61 Texas Crim. Rep. 77; Bacon v. State, 61 Texas Crim. Rep. 206; Patterson v. State, 63 Texas Crim. Rep. 297; McCulloch v. State, 35 Texas Crim. Rep. 268; Hamilton v. State, 64 Texas Crim. Rep. 966; Gonzales v. State, 88 Texas Crim. Rep. 248, 226 S. W. Rep. 405.

The motion for rehearing will be overruled.

*Overruled.*