### J. VON BROWN V. STATE.

No. 30,689. May 6, 1959.

*Robert C. Benavides,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *H. Dustin Fill-more, Henry L. Baccus, Robert H. Power,* and *Merle Flagg,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is possession of barbiturates; the punishment, two years in jail.

The second count of the information alleged that on or about September 3, 1958, in Dallas County, Texas, appellant "did then and there unlawfully possess barbiturates."

Motion to quash the information and dismiss the prosecution was filed, alleging that appellant was a manufacturer of drugs duly licensed by the Board of Pharmacy of the State of Texas, and directing attention to Subdivision 6 of Section 5 of Art. 726c V.A.P.C. exempting manufacturers from the provisions of Subdivision E of Section 3 of the act which makes it a penal offense for any person to possess a barbiturate.

This court's holding in Browning v. State, 161 Texas Cr. R. 273, 276 S.W. 2d 522; Nesbit v. State, 165 Texas Cr. R. 336, 306 S.W. 2d 901; and Ex parte Engel, 158 Texas Cr. R. 95, 253 S.W. 2d 430, supports the state's position that the right of a manufacturer or other person authorized to possess a barbiturate is limited to possession incident to the manufacture, handling, sale and distribution permitted by Art. 726c V.A.P.C. Sec. 12 of the act provides that it shall not be necessary to negative such exemption or exception and the burden is upon the defendant to show the facts by reason of which the charged possession is excepted, excused or exempted.

We do not understand that proof before the trial judge that appellant held a permit as a manufacturer, together with his testimony that he never saw the 44 nembutal capsules taken from his brief case by the officers until they were so taken, defeated the information and required that it be quashed or dismissed.

The first count of the information alleged that appellant did unlawfully carry on and about his person a pistol. Both counts were submitted to the jury and resulted in guilty verdicts, but the court granted a new trial on the carrying a pistol charge.

The 378 page statement of facts shows that 44 capsules containing nembutal were found in a brief case in the Cadillac automobile following appellant's arrest upon the occasion and under the circumstances set out in our opinion in Brown v. State, No. 30,540, 167 Texas Cr. Rep. 621, 322 S.W. 2d 626.

The defensive theory was that appellant was not aware that there were nembutal capsules in the brief case.

On his trial for the misdemeanor offense of possessing barbiturates, evidence was admitted showing or tending to show also an assault upon the officers with a pistol; the finding of a second loaded pistol in the brief case and a tear gas gun resembling a fountain pen in appellant's pocket; and appellant testified that he had been convicted of a felony in Federal court. Not content with this favorable position, the state also got before the jury the fact or inference that appellant and Anderson, the driver of the Cadillac, had engaged in acts of sodomy.

The state's evidence was that appellant carried a brief case from the church to the Cadillac.

Anderson, who was driving the Cadillac, testified that he got the brief case off the church rostrum and put it in the car, and that he did not know it contained barbiturates.

On cross-examination Anderson was asked: "All right, now, Grady, so that we can better understand your position in this case, I will ask you if it isn't a fact, Grady, that you have been and you are in love with this Defendant to the extent that you have had sexual relations with him?"

Objection that the question was highly inflammatory was sustained and the jury instructed to disregard the question, but motion for a mistrial was overruled.

A conference between the court and the assistant district attorney ensued and the court announced "I am not going to let you go into it," following which the witness was asked and answered: "You are not married, are you? A. No. I'm not.

"Q. And at the time this case came up you were living with Father Brown, it that not a fact? A. Off and on, yes."

Motion for mistrial was again made and overruled "at this time."

In the absence of the jury the witness was examined and was again asked if he had had sexual relations with appellant and answered no. He admitted that he had made a statement to the contrary but testified that he did so to avoid the threat of being put in jail if he did not.

Motions for mistrial were later urged after appellant was asked "As a matter of fact, he (Anderson) was your roommate wasn't he, on occasions?" and "Did you stay up there with Grady Anderson in your room?" and "You say you were not roomates on one or more occasions?" All of which were answered "No, sir."

The matter was again referred to in the closing argument of the attorney for the state, as shown by the following:

"MR. FILLMORE: In regard to Grady Anderson, this witness that was offered to you by the Defendant, you can look at him, look at the way he walked in the Courtroom, you can look at his demeanor, you can look at anything you want to about that man, and you can remember how he told you that

he *was not only a chauffeur, but that he had spent the night several times with J. Von Brown.*

"MR. BENAVIDES: Now, if the Court please, we are going to object to that prejudicial matter, going into that.

"THE COURT: I sustain that.

"MR. BENAVIDES: Will Your Honor instruct the jury not to consider that for any purpose?

"THE COURT: Disregard that latter statement for any purpose whatsoever. Stay off of it. Get onto something else.

"MR. FILLMORE. The only reason I said that was because that * * *.

"THE COURT: Stay off of it.

"MR. FILLMORE: I will stay off of it.

"MR. BENAVIDES: If Your Honor please, at this time we must again renew our motion for a mistrial of this case.

"THE COURT: Overrule it.

"MR. BENAVIDES: Exception."

The state contends that the questions propounded to the witness Anderson were proper to show bias, under the rule in Daywood v. State, 157 Texas Cr. Rep. 266, 248 S.W. 2d 479; Denmark v. State. 95 Texas Cr. Rep. 413, 254 S.W. 954; Thompson v. State, 35 Texas Cr. Rep. 511, 34 S.W. 629; and Crist v. State, 21 Texas App. 361, 17 S.W. 260.

None of these cases we believe support the view that the evidence as to acts of sodomy between the witness and the defendant was admissible. If so, such holding is modified so as to exclude proof of sodomy on the part of a defendant at his trial on a misdemeanor charge.

The trial judge correctly ruled in sustaining the objection that the question was highly inflammatory. The ruling that the remarks to the jury were prejudicial was also correct, as was the trial judge's action in instructing the jury to disregard the question and to disregard the complained of argument.

Also, the trial judge was correct in not permitting the state to go further into the matter.

We conclude, however, that the trial judge was in error in not granting a new trial upon the whole case rather than on the pistol carrying charge only.

Appellant was assessed a term of two years in jail, the maximum punishment for a first misdemeanor offense of unlawful possession of barbiturates. Reasonable minds could hardly differ upon the question of whether a verdict would be affected by the injection of the matter of unnatural, immoral and unlawful crimes against nature between a pastor and his male chauffeur.

In the language of a Kentucky court "a litigant is entitled to at least one *tolerably fair trial,* regardless of the nature of his offense, and to this end we have made our ruling." Shawhan v. Commonwealth, Ky. 318 S.W. 2d 541, 544.

The judgment is reversed and the cause remanded.