Oswald Robert BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 37660.

Court of Criminal Appeals of Texas.

April 28, 1965.

Rehearing Denied June 23, 1965.

**426**

Percy Foreman, Houston, for appellant.

Frank Briscoe, Dist. Atty., Houston, Carl E. F. Dally, James C. Brough and F. M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is unlawfully possessing a dangerous drug, to-wit, barbiturates; the punishment, a fine of $3,000.00 and 365 days confinement in jail.

Appellant was the licensee of a Liquor Control Board permit, operating a liquor store at 270 West Gray Street in the City of Houston. It was upon these premises that the officers found 200,000 barbiturate capsules behind a stack of whiskey. The labels had been removed from the cartons containing these dangerous drugs. There was no pharmacy license for these premises.

Appellant and his brother owned and operated a pharmacy at 1110 West Dallas, duly licensed. The testimony reflects that Officer R. E. Scholls, a Narcotics Agent for the Texas Department of Public Safety, and a group of a total of 7 officers went to the pharmacy on the day in question for the purpose of inventorying the drugstore, "to inventory all the drugs that he was licensed for". Appellant and his brother, Kenneth Brown, were there. The officer related that he completed his inventory and that he had occasion to question the Brown brothers in regard to any more drugs. He stated that the appellant told him that they had some more drugs at 270 West Gray. The officers and the two Brown brothers then proceeded to the liquor store at 270 West Gray, which bore the name, "Gray Cut Rate Drugs," where the officers went into another room to the back side of the store. They found quite a bit of liquor in cases and a search of the room disclosed different types of exempt narcotics and the barbiturates and amphetamine. Officer Scholls testified that he asked both Browns what was over there where he noticed the liquor cases against the wall and that appellant's brother answered that it was liquor. When the officers moved the liquor cases they found the cartons containing the drugs. He related that he asked both Browns what was in the cartons and that Kenneth Brown told him "I think it is whiskey." Witness Scholls then opened the cartons in the presence of the two Browns and "I again asked both of them if they had invoices for these barbiturates to which Mr. Kenneth Brown replied, no, we do not." The officer further testified that he "asked both of them if they would tell me where they came from" and Kenneth Brown said, "I would rather not say." Officer Scholls also testified that he asked

the appellant "a question in regards to it", and "He said my brother answered for me."

The record reflects that Kenneth Brown was charged jointly with his brother, the appellant, for this same offense.

Appellant, by the testimony of his nephew, presented the theory that these drugs had been stored at the licensed pharmacy on West Dallas and were moved, on the nephew's orders, to the location at which they were found, without appellant's knowledge, and that appellant was told about this a short time before Officer Scholls discovered it.

Appellant at no time attempted to show that the 200,000 capsules of barbiturates in issue were used in the normal course of business in the operation of the pharmacy he and his brother were licensed to operate at 1110 West Dallas.

The Court charged the jury on the offense of possession of a barbiturate, and instructed the jury to acquit if they had a reasonable doubt as to whether it was possessed for use in the usual course of business by appellant and his brother as a pharmacy, drug store, duly registered with the State Board of Pharmacy.

Article 726d, of the Penal Code of Texas, Sec. 3, reads in pertinent part:

"The following acts, the failure to act as hereinafter set forth, and the causing of any such act or failure are hereby declared unlawful, except as provided in Section 4:

"(d) The possession of a barbiturate or hypnotic drug, * * * by any person unless such person obtained the drug under the specific provision of Section 3(a) (1) and (2) of this Act and possesses the drug in the container in which it was delivered to him by the pharmacist or practitioner selling or dispensing the same; and any other possession of a barbiturate or hypnotic drug, * * * shall be prima facie evidence of illegal possession.

"Sec. 4. The provisions of paragraphs (a) and (d) of Section 3 shall not be applicable:

"(a) As to the delivery of dangerous drugs to *persons included in any of the classes hereinafter named, or* to the *agents or employees of such persons, for use in the usual course of their business* or practice or in the performance of their official duties, as the case may be; or

"(b) *To the possession of dangerous drugs by such persons or their agents or employees for such use:*

"(1) *Pharmacy, drug store,* dispensary, apothecary shop, or prescription laboratory, *duly registered with the State Board of Pharmacy."* (Emphasis supplied.)

■ The burden of proof is on the State only to the extent of proving unlawful possession of barbiturates. The prima facie case having been made, the appellant, charged with unlawful possession of barbiturates, had the burden of showing any facts by reason of which he was exempt, excused, or excepted under the statute. Brown v. State, 168 Tex.Cr.R. 67, 323 S.W.2d 954.

■ We find the evidence sufficient to sustain the jury's verdict.

■ The investigation resulting in seizure of contraband was authorized by Article 666-13(d), of the Penal Code of Texas, which provides that acceptance of a permit or license issued under the Liquor Control Act "constitute[s] an express agreement and consent on the part of the permittee or licensee that * * * any peace officer shall have at all times the right and privilege of freely entering upon the licensed premises for the purpose of conducting any investigation * * *." It was also authorized by invitation of appellant and his brother, Officer Scholls having testified, without being controverted,

that he did not have appellant in custody at the time.

Appellant objected, at the time of trial, to the introduction of State's Exhibit 1. These are copies of separate liquor licenses in the name of appellant for the premises where he and his brother operated a drug store at 1110 West Dallas, in Houston, and for the premises where the contraband was seized, for which there was no pharmacy license. Admission of these exhibits into evidence, they having been certified by the Honorable Coke R. Stevenson, Jr., Administrator of the Texas Liquor Control Board, is authorized under Article 3731a, Vernon's Ann.Civ.St., expressly made applicable to criminal cases by Article 704, C. C. P. Fite v. State, 158 Tex. Cir.R. 611, 259 S.W.2d 198; Spencer v. State, 164 Tex.Cr.R. 464, 300 S.W.2d 950.

There are no formal bills of exception. It is apparent from our consideration of the other informal bills that none of them reflect merit.

Finding no reversible error, the judgment is affirmed.