**Aubrey Gerald THRASH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45054.**

Court of Criminal Appeals of Texas.

June 14, 1972.

Rehearing Denied July 26, 1972.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Catharine T. Hill, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of robbery. After a guilty verdict by the jury, the court assessed the punishment at twenty-five years.

The sufficiency of the evidence is not challenged.

The appellant contends that the court erred in refusing to let him impeach one of the State's witnesses; that a prior conviction used at the penalty stage of the trial was void; and, that the court erred by instructing the jury in the correct procedure to have the testimony of a witness repeated.

The record reflects that shortly after 9:00 p. m. on January 2, 1970, the appellant, who was wearing sunglasses and a hooded grey sweatshirt, went into a liquor store in Dallas and robbed the owner, John Vogel. Fred Broadwater, who was in the store, positively identified the appellant as the robber. Vogel, an elderly man, was less positive in his identification of the appellant.

While in the store, appellant ordered Vogel to hand over the money from the cash register and cautioned Broadwater not to make a move or his friend would be killed. Vogel gave the robber $120.00 in cash. The appellant forced Vogel and Broadwa-

ter to lie down in a storage room while he made his escape.

The appellant's defense was alibi supported by his mother and a family friend. A jail mate also testified that he committed the robbery and not the appellant. The jury chose to believe the witnesses for the State.

Two witnesses testified that the appellant came to their apartment and told them he was going to rob a store. He left and later returned with money and a revolver, changed clothes and left.

The first complaint is that the court erred in refusing to permit him to prove the two witnesses were homosexuals. Outside the presence of the jury, it was shown that one of the witnesses had been discharged from the service because he was a homosexual and had relations with the other witness. The appellant asked the court for this testimony to go before the jury because this would bear on the credibility of their testimony about the robbery. The trial court ascertained that the two witnesses had never been convicted for any offense and refused the proffered impeachment testimony.

There was no contention of any bias or animosity of the witnesses toward appellant.

■ Evidence of specific acts of misconduct against a witness is not admissible for impeachment purposes. Garcia v. State, Tex.Cr.App., 454 S.W.2d 400. Article 38.29, Vernon's Ann.C.C.P., provides that a witness in a criminal case may not be impeached if he had been charged by an indictment, information or complaint unless such charge has resulted in a conviction.

In Brown v. State, 168 Tex.Cr.R. 67, 323 S.W.2d 954, a conviction for the possession of barbiturates was reversed because of the prosecutor's sustained efforts to impeach a defense witness with his alleged homosexual relationship with the defendant.

■ We hold that the trial court did not err in refusing to permit the impeachment of the witnesses with proof of prior acts of homosexuality.

■ Next, complaint is made that the court erred at the punishment stage of the trial in admitting into evidence proof of a 1966 embezzlement conviction in the State of Nevada. When this was offered appellant's retained counsel stated that he had no objection. There was no claim then and no claim now that he was indigent and did not waive counsel or that he was deprived of counsel in any manner. He does not complain now that he did not have counsel. No error is shown. See Taylor v. State, Tex.Cr.App., 470 S.W.2d 663.

■ Lastly, appellant complains of the judge's answer to the jury's request that they be furnished the testimony of a defense witness and the statements of two of the witnesses for the State. The court instructed the court reporter to deliver to the jury the statements of the two witnesses for the State. With reference to the testimony of the defense witness, the court instructed the jury that the law did not permit a general rereading of the testimony of any witness and instructed them in the terms of Article 36.28, V.A.C.C.P., which provides for repetition of testimony on points of disagreement. The answer given by the judge was correct. Vasquez v. State, Tex.Cr.App., 415 S.W.2d 188. See 56 Tex.Jur.2d, Section 343, page 708.

There was no objection to the judge's answer. Even if an objection had been made, no error would be shown.

The judgment is affirmed.