NO. 07-08-0348-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 14, 2009

_____

CHRISTOPHER MILLS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 07-03-6403; HONORABLE PAT PHELAN, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Christopher Mills, was convicted by a jury of the offense of aggravated assault with a deadly weapon causing serious bodily harm. He was sentenced to forty-five years confinement and fined $10,000. Appellant contends (1) the evidence at trial in support of the element of serious bodily harm was legally insufficient, (2) the evidence of

serious bodily harm was factually insufficient, and (3) the trial court committed reversible error by overruling Appellant's objections to the State's closing arguments comparing Appellant to two notorious serial murderers and an infamous terrorist. We begin with an analysis of Appellant's third issue because we find it dispositive of the appeal. Based upon that analysis, we reverse and remand for further proceedings consistent with this opinion.

## Background

On March 22, 2007, Appellant was indicted by a Hockley County Grand Jury for knowingly or recklessly causing serious bodily injury to Ariel Walden by stabbing her with a knife. During the three day trial, witnesses testified that Appellant stabbed Ariel multiple times near the Texas Dome on the South Plains College campus. Appellant's core defense was centered around the presentation of evidence tending to establish that he was insane at the time of the stabbing. In furtherance of that defensive theory, he produced three psychiatrists and two psychologists.

Immediately prior to the submission of the case to the jury for deliberation during the guilt-innocence phase of the trial, in concluding the State's closing argument, the prosecutor argued the following:

STATE: Not in his right mind. Yeah, we use that term, meaning it's out of the ordinary, meaning it's not what the average person would have done, not what you and I would have done.

You and I wouldn't have stuck yourself in the throat with a knife. That's not right mind, but that's not insanity. John

2

> Wayne Gacy, the clown murderer, was killing those boys and putting them under the floor of his house.

DEFENSE: Your honor, I will object. That's improper argument, to bring something that is not in evidence.

COURT: Overruled.

STATE: Wasn't in his right mind. Sane. Jeffrey Dahmer, killing those boys and eating them.

DEFENSE: Your Honor, may I have a —

COURT: One minute.

DEFENSE: — running objection to this line of argument?

COURT: Yes, sir.

STATE: Out of his mind to eat somebody. Sane. Muhammed Atta flying a plane into the North Tower killing hundreds of innocent men, women, and children. Not something somebody ordinary would do, but those doctors would pat him on the back and say, "Poor little Muhammed Atta." Thank you.

Thereafter, the jury found Appellant guilty of aggravated assault with a deadly weapon causing serious bodily injury, and this appeal followed.[1]

## Discussion

Appellant contends the State's closing argument was improper because the State argued facts not in evidence and compared Appellant's state of mind to that of three

---

[1]Appellant preserved jury argument error by making a contemporaneous objection and obtaining an adverse ruling. *See Cooks v. State,* 844 S.W.2d 697, 727 (Tex.Crim.App. 1992); *Dominguez v. State*, 125 S.W.3d 755, 763 (Tex.App.–Houston [1st Dist.] 2003, pet. ref'd).

notorious killers–John Wayne Gacy, Jeffrey Dahmer, and Mohammed Atta. As such, Appellant asserts the State's argument interjected prejudicial facts not in evidence to repeatedly attack his insanity defense and improperly influence the jury.

The State asserts that its arguments were a permissible response to Appellant's statements that Appellant was not in his "right mind" at the time of the incident and should be found not guilty by reason of insanity. The State contends its arguments also responded to Appellant's statements that one of his experts looked like Ernest Hemingway, sounded like God, and was telling the truth.

## I.  Standard of Review

There are four general areas of proper jury argument: (1) pleas for law enforcement, (2) summations of the evidence, (3) reasonable deductions from the evidence, and (4) responses to arguments from opposing counsel. *Jackson v. State,* 17 S.W.3d 664, 673 (Tex.Crim.App. 2000). An improper argument constitutes reversible error when, in light of the record as a whole, it is extreme or manifestly improper, violates a mandatory statute, or injects new facts harmful to the accused into the trial proceedings. *Borjan v. State*, 787 S.W.2d 53, 57 (Tex.Crim.App. 1990). *See Barnes v. State,* 70 S.W.3d 294 (Tex.App.–Fort Worth 2002, pet. ref'd). Moreover, arguments referencing matters that are not in evidence and may not be inferred from the evidence are usually "designed to arouse the passion and prejudices of the jury and as such are highly inappropriate." *Borjan*, 787 S.W.2d at 57. That said, an instruction to the jury to disregard an improper jury argument is generally

4

sufficient to cure error. *Shannon v. State*, 942 S.W.2d 591, 597 (Tex.Crim.App. 1996). See *LeClear v. State,* No. 07-06-0185-CR, 2007 WL 3004589, at *6 (Tex.App.–Amarillo 2007, no pet.) (not designated for publication).

## II. Jury Argument

Remarkably, this Court considered the propriety of the State's jury argument, under similar circumstances, a little over ten years ago, and found reversible error. *See Brown v. State*, 978 S.W.2d 708, 713-14 (Tex.App.–Amarillo 1998, pet. ref'd). In *Brown*, the prosecutor compared the accused to notorious murderers during closing argument for the proposition that, although the accused claimed to be mentally ill or legally insane, so did Jeffrey Dahmer, John Wayne Gacy, and Ted Bundy–all of whom either went to prison or received the death penalty. *Id*. In finding reversible error, the Brown Court stated the following:

> Comparing an accused or his acts to those of a notorious criminal is, according to the Texas Court of Criminal Appeals, an improper and erroneous interjection of facts not in the record. [citations omitted]. *Here, the State's comments are tantamount to comparing appellant and his defense to Jeffrey Dahmer, John Wayne Gacy, and Ted Bundy and the defenses they raised*. Each of the three individuals to which he was compared was or is a notorious serial murderer whose despicable acts remain fresh in the collective mind of the public. And, in arguing as it did, the State not only invoked the memory of the horrific crimes they committed but also effectively asked the jurors to punish appellant like they were punished, that is, by the assessment of imprisonment. This violated *Shell* [*v. State*, 711 S.W.2d 746, 748 (Tex.App.–Corpus Christi 1986, no pet.)].

978 S.W.2d at 714 (emphasis added).

5

The *Brown* Court reversed the accused's conviction finding harmful error because: (1) the error arose immediately prior to the jury retiring for deliberations; (2) over the appellant's objection, the trial court permitted the State to continue its argument possibly lending its *imprimatur* to a sanity finding; and (3) the State did not stop once it had made its point by reference to Dahmer but continued to invoke the names of two other heinous murderers. "Each additional comparison added to the incendiary and emotional effect the criminal acts of Dahmer, Gacy, and Bundy had on a reasonable juror's psyche." 978 S.W.2d at 715.[2]

Here, again, the State's argument is tantamount to comparing Appellant and his defense to John Wayne Gacy, Jeffrey Dahmer, and Mohammed Atta and the defenses they raised. Because the State's argument relied on facts not in evidence and was highly improper, we find the trial court erred when it overruled Appellant's objection and permitted the State to continue its improper comparisons.

Although we have reviewed the entire record and found ample evidence to support the jury's verdict of guilt, however, as in *Brown*, we find the trial court's error harmful because: (1) the error arose immediately before the jury began deliberations, (2) the trial court permitted the State to continue its line of argument over Appellant's objection

---

[2]That the State compared the accused here to the notorious terrorist, Mohammed Atta, rather than Ted Bundy is of no moment. *See Gonzalez v. State*, 115 S.W.2d 278, 285-86 (Tex.App.–Corpus Christi 2003, pet. ref'd) (reversible error where prosecutor compared accused to Osama bin Laden in connection with the 9/11 attack on Twin Towers in New York city). *See also Massey v. State,* No. 04-99-00040-CR, 1999 WL 792454, at *5-7 (Tex.App.–San Antonio 1999, pet. ref'd) (not designated for publication).

6

possibly lending its *imprimatur* to a sanity finding, (3) no curative instruction was issued, (4) the State did not stop with a single reference to Gacy but continued with references to Dahmer, and Atta, and (5) the State sought to use Atta's notoriety in order to discredit, not only Appellant's core defense, but also his experts' testimony.

In response to the State's assertions, it suffices to say simply that jury argument unsupported by the record designed to arouse the jurors' passion and prejudices is "no response" to an opponent's arguments.[3] Quite the contrary, the State's closing argument was "an improper and erroneous interjection of facts not in the record." *Brown*, 978 S.W.2d at 714.

Although an accused is not entitled to a perfect trial, he or she is entitled to a trial that is at least "tolerably fair." *Id.* at 716.[4] "In assessing the potentialities at bar, we are unable to say that the cumulative effect of each instance of misconduct was nil or only slight." *Id.* Because we cannot say with confidence that the error stemming for the improper argument had no influence, or only a slight influence on the jury's decision to reject Appellant's insanity defense, we hold that the prosecutor's argument was both improper and harmful. The prosecutor made the arguments and "must have believed that

[3]The State's reliance on *Guerrero-Lara v. State*, No. 13-01-099-CR, 2002 WL 1765543 (Tex.App.–Corpus Christi 2002, no pet.) (not designated for publication) is misplaced. In *Guerrero-Lara*, the prosecutor's statement in closing did not compare the defendant's behavior with Adolph Hitler and Charles Manson but was limited to a statement "that all persons have good and bad days." *Id.* at *4.

[4]*Haddad v. State*, 860 S.W.2d 947, 953 (Tex.App.–Dallas 1993, pet. ref'd) (quoting *Brown v. State*, 168 Tex.Crim. 67, 323 S.W.2d 954 (1959)).

7

the jury would place at least some weight on its improper argument; otherwise, the State would not have included the references in its soliloquy to the jury." *Massey*, 1999 WL 792454, at *6. Accordingly, we find the trial court erred in overruling Appellant's objection to the State's improper jury arguments and the error was harmful. *See* Tex. R. App. P. 44.2(b). *See also Gonzalez*, 115 S.W.3d at 283-86; *Brown*, 978 S.W.2d at 714-16; *Massey*, 1999 WL 792454, at *4-6. Appellant's third issue is sustained and his remaining issues are pretermitted. Tex. R. App. P. 47.1.

## Conclusion

The trial court's judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice

Do not publish.

8