## R. L. (PAL) KNIGHT v. THE STATE.

### No. 5097.　Decided December 18, 1918.

**1.—Assault to Murder—Self-defense—Defense of Another—Charge of Court.**

Where the court's charge confined the right to defend to the defense of another, and ignored defendant's right to defend himself, there being evidence, aside from that of defendant, that defendant acted in defense of himself as well as that of another, the same was reversible error.

**2.—Same—Burden of Proof—Rule Stated—Defensive Theory—Charge of Court.**

The presumption of innocence protected appellant from the necessity of proving that his acts were lawful, and imposed upon the State the burden of establishing an unlawful assault, and evidence going to establish facts which

would, if true, mitigate or excuse the assault, required an instruction on the law applicable thereto, regardless of the source from which the evidence came, and notwithstanding it presented a defensive theory out of harmony with that claimed by defendant. Following Carden v. State, 62 Texas Crim. Rep., 607, and other cases.

Appeal from the District Court of Wood. Tried below before the Hon. J. R. Warren.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Jones & Jones* and *M. D. Carlock,* for appellant.—On question of self-defense: Voight v. State, 53 Texas Crim. Rep., 268; Sterling v. State, 15 Texas Crim. App., 249; Phipps v. State, 34 Texas Crim. Rep., 608; Parnell v. State, 50 id., 419; Johnson v. State, 60 Texas Crim. Rep., 512, 132 S. W. Rep., 804, and cases cited in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—This is an appeal from a conviction for an assault to murder with punishment fixed at two years confinement in the State penitentiary.

R. L. Knight, appellant, fired at Crosby twice and fired a third time, whether at Crosby or by accident, the evidence is in conflict. R. P. Knight, appellant's father, went into a business house and attacked Crosby with a stick which was a deadly weapon. Crosby seized the stick, a scuffle ensued in which R. P. Knight retreated or was pushed by Crosby out of the building, across the sidewalk and onto the street, where he fell. During the struggle appellant fired the first shot, which struck Crosby on his wrist. The evidence is somewhat conflicting as to the exact position of the stick at the time this shot was fired, but there is testimony from which the conclusion might be drawn that at the time Crosby had the stick and appeared in the act of striking or preparing to strike appellant's father with it. Immediately after the first shot was fired Crosby turned his attentions to appellant, who fired again, striking Crosby's watch, which was in his vest or trousers pocket. When the third shot was fired Crosby appears to have had the stick raised to strike appellant. Crosby claimed that this shot was fired at him and dodged by him, while appellant claimed that it was fired involuntarily by reason of a struggle with a bystander who had seized him and his pistol.

There is evidence justifying the inference that R. P. Knight, with the knowledge and acquiescence of appellant, sought Crosby for the purpose of making an unlawful attack upon him, and that appellant accompanied him with the intent to engage in the contest if necessary to bring it to a successful end. The theory also arises from the evidence that he accompanied his father in ignorance of the latter's unlawful

purpose, and that his interference was to protect his father from injury in a difficulty for the beginning of which appellant was in no way responsible.

The legal principles governing appellant's culpability, if he was a conspirator with his father to injure Crosby, and his right to defend him, were embodied in the court's charge in substance like their delineation in the Guffee case, 8 Texas Crim. App., 187. The right to defend, however, was confined by the court to the defense of his father, and not extended to appellant's right to defend himself, and of this complaint was made in the trial court, and is here advanced for ground of reversal.

The trial court, in refusing to accord the appellant a charge on the law of self-defense, was doubtless controlled by the view that that issue was eliminated by appellant having in his own testimony claimed that he shot at Crosby twice to protect his father, and that the third shot was accidental. There being evidence aside from that of appellant that would have justified the jury in the finding that the third shot was fired at Crosby while he was in the act of striking appellant with the stick, which was a deadly weapon, and that immediately before the second shot was fired Crosby, holding the stick in his hand, turned toward and confronted appellant, the issue of defense of himself arose from the evidence. The jury may have believed that appellant was justified in firing the first time in the protection of his father, but have considered the other two shots fired unlawfully. ·

If they had received instructions from which they would have understood that although the last two shots were not fired to protect the appellant's father, that they might not have been unlawful if fired in protection of his own person, the verdict might have been more favorable to appellant.

The presumption of innocence protected appellant from the necessity of proving that his acts were lawful, and imposed upon the State the burden of establishing an unlawful assault.

Evidence going to establish facts which would, if true, mitigate or excuse the assault, required an instruction on the law applicable thereto, regardless of the source from which the evidence came, and notwithstanding it presented a defensive theory out of harmony with that advanced by the appellant in his own testimony. Many examples of this principle are furnished in the reports of the decisions of this court. Bonner v. State, 29 Texas Crim. App., 223; Sowell v. State, 32 Texas Crim. Rep., 482; Folks v. State, 58 S. W. Rep., 98; Carden v. State, 62 Texas Crim. Rep., 607.

The judgment is reversed and the cause remanded.

*Reversed and remanded.* ·