## FRANK WILKES V. THE STATE.

### No. 9863.    Delivered February 17, 1926.

**Murder—Charge of Court—On Self-Defense—Held, Inadequate.**

> Where, on a trial for murder, the testimony disclosed that appellant and another became involved in a difficulty with deceased, and another, all of whom participated in the affray, it was error for the trial court to restrict appellant's right of self-defense to defend against an assault of deceased, and to defend only against an assault on himself. Under the testimony in the case, if believed by the jury, appellant would have the same right to defend his companion Batchan that he would to defend himself, and would also have the same right to defend against an attack made by Prejean, the companion of deceased, as against an attack made by deceased.

Appeal from the District Court of Newton County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction of murder, penalty fifteen years in the penitentiary.

The opinion states the case.

*McCall & Crawford,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in the District Court of Newton County of murder; punishment fixed at fifteen years in the penitentiary.

Appellant and Herbert Batchan, two young negroes, were driving a truck along a thirty-foot street in Orange, Texas. Appellant's father was a butcher and he was a deliveryman for his father. Prejean was another butcher, a competitor. Deceased worked for Prejean. On the morning of the homicide deceased went to a blacksmith shop and got a stick—part of a buggy shaft. Such a stick was in his hand when the shooting occurred. As appellant's truck was coming down said street, a truck of Prejean was headed into the wrong side of the street at a place where there appears no reason for it to be. There seems no question but that Prejean and deceased advanced from their truck toward that occupied by appellant and Batchan. The situation is variously described. Watson, a state witness, said that he was at his father's home about one hundred feet from the scene of the shooting when his attention was attracted by a shot. He saw deceased some fifteen or twenty feet from his truck toward the truck of appellant. Appellant was on the ground when witness saw him, some five or six feet from the deceased, and they were facing each other. He saw appellant shoot deceased. The stick above referred to was lying by the hand of deceased when his body was found after the shooting. Mrs. Watson, mother of the witness just referred to, swore for the defense that she was at her front door looking at the scene of the homicide before the shooting began. She saw a truck (from the evidence clearly that of appellant) stop, and saw a man jump on the running board and begin a tussle; that it seemed to her there was a gun sitting between the people in the truck and a tussle began like they were trying to get hold of the gun; that it seemed an instant before the gun went off straight in the air; just then another man on the side of the street next to her home, appeared going toward appellant's truck; somebody shot this man, it seemed to witness, with another gun and he fell forward and was shot twice more. It seemed to her that the first shot struck the man in the head. Another woman who was riding in the back of appellant's truck swore that as they approached the Prejean truck it had stopped on the west side of the street, and the first she saw after appellant's truck stopped was a man

scuffling with Batchan in appellant's truck, trying to take a long gun away from Batchan. She said appellant was sitting in the truck at this time; that she did not see deceased leave his truck, nor appellant when he got off his.

In this condition of the record the learned trial judge only submitted to the jury appellant's right to defend himself, and not his right to defend Batchan; also only appellant's right to defend against an attack by deceased and not against an attack by both Prejean and deceased. The charge was excepted to for each such failure. It seems that the exceptions were well taken. From the testimony above recited it appears that appellant and Batchan were driving along a public street and approached a point where Prejean and deceased had stopped their truck almost crosswise of said narrow street, and that Prejean jumped on the running board of appellant's truck and began scuffling with Batchan over a rifle which was sitting between appellant and Batchan; that said rifle went off, and at this time deceased left his car and advanced toward appellant's truck some fifteen or twenty feet, having in his hand a stick, which under proper questions might be shown to be a deadly weapon, but, aside from the character of said stick, the actions of deceased appeared to evidence an intention on his part to aid Prejean and cooperate with him in further conflict or engagement with Batchan or Batchan and appellant. If the jury believed these things to be true, appellant would have the same right to defend Batchan, if unlawfully attacked, that he would to defend himself, and would also have the same right to defend against an attack made by Prejean as against an attack made by deceased. For authorities see Wilkes v. State, No. 9862, opinion February 10, 1926.

We are also of opinion that the question asked as to Batchan's defects, if as stated in the bill, would have been answered that Batchan was physically weak, presented a proper inquiry.

For the errors above mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*