Anthony CRAWFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–81–094–CR.

Court of Appeals of Texas, Waco.

Feb. 4, 1982.

**166**

LeRoy Peavy, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough, Kay L. Burkhalter, Asst. Dist. Attys., Houston, for appellee.

HALL, Justice.

Appellant was indicted for attempt to murder Charles Robbins. He was convicted by a jury of the included lesser offense of aggravated assault, and his punishment was assessed at 6 years in the Texas Department of Corrections.

The state's evidence shows that Charles Robbins hit Dooley Malone with his hand or with a pistol outside a lounge. Malone ran down the street, then met appellant, telling him Robbins had hit him in the mouth. Appellant and Malone returned to the lounge in appellant's pickup. Appellant got out of the pickup with Malone, and with a shotgun in his hand approached the lounge door and said "where is the [man] with the gun". Robbins entered the doorway from within, stood momentarily, and then turned a bit. At that point, appellant shot Robbins in the face with the shotgun taking off half of his face and putting out his eye.

Appellant's defenses were self-defense and defense of a third person (Dooley Malone).

The court charged the jury in part as follows:

"A person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself or a third person against the other's use or attempted use of unlawful force.

"A person is justified in using deadly force against another if he would be justified in using force against the other as above stated, provided a reasonable person in his situation would not retreat, and when and to the degree he reasonably believes the deadly force is immediately necessary to protect himself or a third person against the other's use or attempted use of unlawful deadly force.

\* \* \* \* \* \*

"Therefore even if you believe from the evidence beyond a reasonable doubt that the defendant Anthony Crawford, shot Charles Robbins, as alleged, but you further believe from the evidence, or you have a reasonable doubt thereof, that, at

the time he did so, the defendant reasonably believed that Charles Robbins was using or attempting to use unlawful deadly force against him or a third person and that he reasonably believed that the use of force and the degree of force used were immediately necessary to protect himself or a third person against Charles Robbin's use or attempted use of deadly force, *and that a reasonable person in defendant's situation would not have retreated, you will find the defendant not guilty.* (Italics ours).

      * * *."

Appellant objected to the charge on the ground that, in commingling his defense of self-defense with his defense of another, the charge required appellant to retreat if he could have reasonably done so before he would be entitled to his defense of another. The objection was overruled, and appellant's first ground of error complains of this ruling.

The state asserts that if there was error in the charge it was harmless because the evidence did not raise defense of another. We hold (1) the evidence raised appellant's defensive theory of defense of another, and (2) the charge on this issue (requiring appellant to retreat, if reasonable) was erroneous. Upon these holdings, we reverse the judgment and remand the case for retrial.

The applicable statutes are V.A.T.S., Penal Code § 9.31, § 9.32 and § 9.33. These statutes provide in pertinent parts as follows:

§ 9.31. Self-Defense.

    (a) ... [A] person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

.    .    .    .    .

§ 9.32. Deadly Force in Defense of Person.

A person is justified in using deadly force against another:

    (1) if he would be justified in using force against the other under Section 9.31 of this code;

    (2) if a reasonable person in the actor's situation would not have retreated; and

    (3) when and to the degree he reasonably believes the deadly force is immediately necessary:

       (A) to protect himself against the other's use or attempted use of unlawful deadly force; or

       (B) to prevent the other's imminent commission of aggravated kidnapping, murder, rape, aggravated rape, robbery, or aggravated robbery.

§ 9.33. Defense of Third Person.

A person is justified in using force or deadly force against another to protect a third person if:

    (1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 of this code in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and

    (2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.

Viewed in the light most favorable to appellant on the third-party defense issue, the record shows these facts: Before appellant and Dooley Malone (the third party) reached the lounge in appellant's pickup, appellant had learned from Malone about the assault upon Malone by Robbins (the complainant) a few minutes earlier with a pistol. When appellant and Malone reached the lounge, they left appellant's pickup, both unarmed, and began walking toward the front door of the lounge. Another pickup was parked immediately in front of the front door of the lounge. When Malone, walking in front of appellant "got to the front of the truck" Raymond Chisum, a bystander yelled to appellant "Don't go inside. He's got a gun." At that time, the front door of the lounge "kicked open" and Robbins stepped out and immediately pointed his pistol at Malone. Appellant said "I was afraid [Robbins] was going to shoot

both of us. Dooley just froze. I ran to [my] truck [parked not far away] and got [my] shotgun and got down behind that truck [parked in front of the lounge] ... Dooley was still frozen there in front of Robbins ... It happened fast .... I hollered for [Dooley] to get out of the way. [Dooley] ran to the right. I don't know which way to the right he went, but he went to the right .... I wasn't watching [Dooley]; I was watching [Robbins] ... Yes, Dooley got out of the way, off to the right. So, prior to my shooting, he was out of the way." Appellant's testimony further shows that when appellant yelled to Malone to "get out of the way" Robbins then pointed his pistol at appellant and "made a move" at which time appellant brought his shotgun "up about middle ways" and "pulled the trigger" and shot Robbins. Appellant's testimony was corroborated to a great extent by Dooley Malone.

■ An accused is entitled to a charge on every defensive issue raised by the evidence, and an accused's testimony alone is sufficient to raise such a defensive theory. *Cain v. State*, 549 S.W.2d 707, 713 (Tex.Cr. App.1977). It does not matter that the evidence on such issue is strong, feeble, unimpeached or contradicted, or that the trial court does not believe the testimony is entitled to belief. *Warren v. State*, 565 S.W.2d 931, 933–934 (Tex.Cr.App.1978). If the evidence creates a reasonable doubt in the mind of the trial judge as to the necessity of a defensive charge (including a charge on defense of another) the doubt should be resolved in favor of the accused. *Stiles v. State*, 520 S.W.2d 894, 899 (Tex.Cr.App. 1975); *Christian v. State*, 71 Tex.Cr.R. 566, 161 S.W. 101, 103–104 (1913).

■ In our case, the trial court concluded that the evidence raised the issue of defense of another. We agree with that conclusion. The evidence we have recited above shows that when this unfortunate episode began between appellant and Robbins, and immediately prior to appellant's firing his gun, Robbins was pointing his pistol at Dooley Malone. The state emphasizes appellant's testimony that Malone was "out of the

way," but this testimony may be properly interpreted as a statement by appellant that Malone was "out of the line of fire" between appellant and Robbins. That is the context in which the statement was made by appellant. It is true that the evidence shows that after Malone "ran to the right" he ducked between the pickup in front of the lounge and an adjacent car, but there is no evidence that appellant knew this. As appellant said, he was watching Robbins, not Malone. In any event, Robbins still held the pistol in his hand which he had just pointed at Malone, Malone was still easily within range, and everything "happened fast." These facts distinguish our case from *Gomez v. State*, 116 Tex.Cr.R. 529, 34 S.W.2d 607 (1931) in which it was held that the defensive issue in question was not raised where the third party had run from a knife fight and the accused thereafter continued fighting the deceased and fatally cut him with a knife. Of course, each case must stand on its own facts. We believe the necessity of the defensive charge in our case is supported by the decisions in *Wilkes v. State*, 103 Tex. Cr.R. 209, 280 S.W. 787 (1926); *Decker v. State*, 120 Tex.Cr.R. 336, 46 S.W.2d 981 (1932); *Fletcher v. State*, 114 Tex.Cr.R. 276, 23 S.W.2d 369 (1930); and *Medina v. State*, 87 Tex.Cr.R. 81, 219 S.W. 453 (1920).

■ If the law of retreat was applicable in our case on appellant's defense of Dooley Malone, the third person, then it would have applied to Malone, not to appellant. *Matthews v. State*, 114 Tex.Cr.R. 526, 26 S.W.2d 269, 270 (1930); *White v. State*, 88 Tex.Cr.R. 159, 225 S.W. 511, 513 (1920); *Dobbs v. State*, 51 Tex.Cr.R. 113, 100 S.W. 946, 949 (1907). To hold otherwise (in support of the charge in our case) would require one who perceives another under attack by unlawful force, and believes that his intervention is immediately necessary to prevent the attack, to simply walk away if he can reasonably do so without injury to himself and leave the victim to the whims of the assailant. This has never been the rule in Texas, and we hold that such rule was not intended by the Legislature by the

reference in Penal Code article 9.33, supra, to articles 9.31 and 9.32.

The judgment is reversed, and the case is remanded for another trial.