**Dan CLEVELAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00076–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 27, 1985.

Jimmy Parks, Adams & Hunter, San Antonio, for appellant.

Sam Millsap, Jr., Mark Bindock, Charles Tennison, Emil Holiner, Edward Shaughnessy, III, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

OPINION

CANTU, Justice.

This is an appeal from a conviction for murder. TEX. PENAL CODE § 19.02 (Vernon 1974). After a jury trial, punishment was assessed at twenty years.

The appellant freely admitted that he shot the deceased, Harvey Davis, on the 5th of June, 1983, and that such gunshot resulted in the death of Harvey Davis. However, appellant alleged that the shoot-

ing was justified on the basis of self-defense and/or defense of third persons. *See* TEX. PENAL CODE §§ 9.31–9.33 (Vernon 1974 and Vernon Supp.1985).

The evidence presented at trial justified inclusion of both a self-defense and defense of other persons instruction in the charge to the jury. The jury was instructed on both issues, however, appellant, in his first ground of error, asserts that the court erred in overruling his objection to the charge on defense of third persons in that it included an instruction on the duty to retreat.

The charge instructed the jury as follows:

It is a defense to this prosecution if the defendant's conduct was justified by law.

A person is justified in using deadly force against another when and to the degree he reasonably believes such force is necessary to protect a third person if, under the circumstances as he reasonably believes them to be, he believes such force and degree of force would be immediately necessary to protect himself against the unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect, *if a reasonable person in his situation would not have retreated,* and he reasonably believes that his intervention is immediately necessary to protect the third person. [Emphasis added]

Appellant objected to the charge insofar as it injected a duty to retreat into the defense of others provision of the Penal Code. Section 9.33 provides that:

A person is justified in using force or deadly force against another to protect a third person if:

(1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 of this code in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and

(2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.

The State argues that inclusion of the reference to sections 9.31 and 9.32,[1] which encompass a duty to retreat, in section 9.33 necessarily incorporates all provisions of sections 9.31 and 9.32 into section 9.33. Thus, it argues that the duty to retreat imposed by sections 9.31 and 9.32 is also mandated by section 9.33.

We agree with appellant that a duty to retreat is not imposed when one engages in the defense of third persons. *Crawford v. State,* 629 S.W.2d 165 (Tex.App.—Waco 1982, no pet.). An actor, such as appellant in this case, may be able to safely retreat, however, if the actor is acting in defense of third persons, it is the position of the third person that is relevant. Thus, the jury charge improperly imposed the duty to retreat on appellant.

Appellant's first ground of error is sustained. Therefore, this cause must be reversed and remanded for a new trial.

Appellant raises several other grounds of error. In view of our disposition of appellant's first ground of error, we find it unnecessary to consider these grounds. However, appellant's third ground of error also involves alleged error in the jury

---

1. The relevant portions of §§ 9.31 and 9.32 are as follows:

9.31. (a) Except as provided in Subsection (b) of this section, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

9.32. A person is justified in using deadly force against another;

(1) if he would be justified in using force against the other under Section 9.31 of this code;

(2) *if a reasonable person in the actor's situation would not have retreated;* and

(3) when and to the degree he reasonably believes the deadly force is immediately necessary.

charge. Therefore, we will also address this contention.

Appellant objected to the trial court's failure to include an instruction in the jury charge on the right to carry a weapon under the circumstances. As noted by appellant, an accused has the right to arm himself to seek out one with whom he has difficulty, in an attempt to amicably settle the dispute. *Young v. State*, 530 S.W.2d 120 (Tex.Crim.App.1975). However, unless the court's charge places some limitation upon the defendant's right to self-defense, such as a charge of provocation by the defendant, a charge on the right to carry arms is not necessary. *Young, supra* at 121 and cases cited therein.

The jury charge in this case did not limit the appellant's right of self-defense other than imposition of the duty to retreat. Therefore, it was not improper to omit an instruction on the right to carry a weapon from the charge. *Sheppard v. State*, 545 S.W.2d 816 (Tex.Crim.App.1977). Appellant's third ground of error is overruled.

Ground of error number one is sustained and the judgment is reversed and the cause remanded.