**Eugene Cliff BARTMESS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–84–0132–CR.**

Court of Appeals of Texas, Tyler.

March 27, 1986.

E. Ray Andrews, David L. Coody, Athens, Archie McColl, III, Arvil R. Ponton, III, Bruner, McColl, McColloch & McCurley, Dallas, for appellant.

Billy M. Bandy, Dist. Atty's. Office, Athens, for appellee.

COLLEY, Justice.

This is an appeal from a conviction for attempted murder. Punishment was assessed by the jury at twelve years' confinement. Appellant presents three grounds of error, all of which complain of the court's charge to the jury on the right to use deadly force in self-defense.

At the outset it must be noted that appellant did not object to the charge at trial. Therefore, in order to prevail upon this appeal, appellant's alleged error or errors must be fundamental, or in the language of *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1984), "so egregious and created such harm that he 'has not had a fair and impartial trial'...."

The undisputed evidence at trial was that on September 19, 1983, appellant and Keith Haley had a dispute over the rent being charged Haley and his family for quarters in the house in which appellant also resided. During that dispute, Haley struck appellant. Haley then went into the house. When Haley again emerged from the house, appellant was in the garage with a handgun. The facts are in dispute as to what happened at that point, but there is no dispute that appellant fired the gun twice at Haley, striking Haley in the chest and leg.

At trial, appellant raised the issue of self-defense, and it is the resulting charge to the jury that gives rise to this appeal. The first ground of error charges that by the language the court used in instructing the jury on the law of self-defense, specifically the duty to retreat found at TEX. PENAL CODE ANN. § 9.32(2) (Vernon Supp.1986), the court commented on the weight of the evidence because it assumed that appellant did not retreat.

The law of self-defense is set out in Tex. Penal Code sections 9.31 and 9.32, which provide in pertinent part:

Sec. 9.31(a)

... [A] person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

Sec. 9.32.

A person is justified in using deadly force against another:

(1) if he would be justified in using force against another under Section 9.31 of this code;

(2) if a reasonable person in the actor's situation would not have retreated; and

(3) when and to the degree he reasonably believes the deadly force is immediately necessary:

(A) to protect himself against the other's use or attempted use of unlawful deadly force; ....

TEX. PENAL CODE ANN. §§ 9.31 and 9.32 (Vernon 1974 and Supp.1986). The language pertinent here of course is that in section 9.32(2).

The court's charge first stated the law of self-defense in the abstract, defining "reasonable belief" and "deadly force." In that aspect of its charge, the court tracked the statutory language set out above. Specifically, as relevant here, the charge read:

[A] person is justified in using deadly force against another if he would have been justified in using force against the other in the first place, ... and when he reasonably believes that such deadly force is immediately necessary to protect himself against the other person's use or attempted use of unlawful deadly force, and *if a reasonable person in defendant's situation would not have retreated.*

(Emphasis added.) The court then applied the law to the facts using the same language. The application was also stated conversely as follows:

If you find from the evidence beyond a reasonable doubt that at the time and

place in question the defendant did not reasonably believe that Keith Haley was using or attempting to use unlawful deadly force against him, or that the defendant did not reasonably believe that the degree of force used by defendant was immediately necessary to protect himself against Keith Haley's use or attempted use of deadly force, *or that a reasonable person in defendant's situation at the time and place in question would have retreated before using deadly force* against Keith Haley, then you should find against the defendant on the issue of self-defense.

(Emphasis added.) Appellant did not object to the charge before or at the time it was given, and he did not propose an alternative charge.

The language set out above, tracking section 9.32(2), was approved by the Court of Criminal Appeals in *Sternlight v. State*, 540 S.W.2d 704 (Tex.Cr.App.1976). That language was also challenged in *Sternlight* as assuming facts, the claim there being that the charge assumed the ability and opportunity to retreat. The Court decided that "the instruction on the law of retreat drafted in the language of the statute is sufficient" because the word "situation" encompassed consideration of ability and opportunity to retreat. *Sternlight*, 540 S.W.2d at 706.

Appellant here would have the court break the obligation to retreat into two inquiries: did the defendant retreat, and if not, would a reasonable person have retreated. In support of this theory, appellant cites one old case in which the court stated the defendant "fired as he retreated." *Hudson v. State*, 28 Tex.App. 323, 13 S.W. 388, 390–91 (1890). Defendant acknowledges that the law in 1890 did not impose a duty to retreat.

As the law exists today, use of deadly force is justified only if a reasonable person would not have retreated from the situation. The actual use of deadly force necessarily implies no retreat at the moment the force was applied. One may be in retreat and then abandon that retreat by

using deadly force. *See Bray v. State*, 634 S.W.2d 370, 372 (Tex.App.—Dallas 1982, no pet.). The relevant circumstances to examine in determining whether a reasonable person would not have retreated are those existing at the moment the force is applied. *See Sternlight*, 540 S.W.2d at 706; *Fielder v. State*, 683 S.W.2d 565, 592 (Tex.App.—Fort Worth 1985, pet. granted); and *Bray*, 634 S.W.2d at 372. If in the situation that existed at that moment, a reasonable person would not have retreated, the use of deadly force is justified, assuming the other statutory elements are found.

In the case before the court, it is not disputed, in fact appellant admits, that he shot Haley twice on September 19, 1983. The fact of his firing the gun at Haley, applying that deadly force, necessarily means that he was not retreating at that precise moment. The jury was charged to determine whether or not a reasonable person would have retreated from those circumstances, and if, as appellant urges, he retreated when he "jumped back," the charge required the jury to decide whether or not a reasonable person would have maintained that retreat. The charge as stated in the language of the statute, properly instructed the jury as to the law of self-defense, use of deadly force and the duty to retreat.

█ The inverse application of the law to the facts in the charge goes no further in the direction of commenting on the evidence than does using the statutory language. Having instructed the jury in the statutory language, it was proper for the court to restate the application as appropriate for the opposite result. *Barkley v. State*, 152 Tex.Crim. 376, 214 S.W.2d 287, 290 (1948); P. McClung, *Jury Charges for Texas Criminal Practice* 288–89 (rev. ed. 1985).

Having reviewed the evidence in this case and the charge as a whole, it is clear that the jury was properly instructed on the law of self-defense, including the duty to retreat, and that appellant was not thereby denied a fair and impartial trial.

Appellant's first ground of error is overruled.

Appellant's second ground of error contends that the jury charge was fundamentally erroneous because it included instruction on the section 9.32(2) duty to retreat, which, he asserts, is unconstitutionally vague in violation of the Fourteenth Amendment of the United States Constitution and Art. 1, Section 19 of the Texas Constitution. Appellant complains of two infirmities in the codification of the duty to retreat. He claims first that the statute contains no standard by which the jury is to judge his conduct, and second, that the word "retreat" is not defined.

The standard test applied to determine whether a statute is unconstitutionally vague is whether the statute, which either forbids or requires the doing of an act, is so uncertain in its terms that it fails to give people of ordinary intelligence fair notice of the forbidden or required conduct, or if it fails to provide guidance to those engaged in its application. *See Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 340, 72 S.Ct. 329, 330, 96 L.Ed. 367 (1951); *Cotton v. State*, 686 S.W.2d 140, 141 (Tex. Cr.App.1985) and cases cited therein; and *Ely v. State*, 582 S.W.2d 416, 419 (Tex.Cr. App.1979) and cases cited therein. However, mathematical certainty is not required, and in most statutes would be impossible. *Boyce Motor Lines*, 342 U.S. at 340, 72 S.Ct. at 330. It is adequate that there are legally fixed standards to guide judges and juries in deciding what is and what is not required in each case. *Giaccio v. State*, 382 U.S. 399, 402–403, 86 S.Ct. 518, 520–521, 15 L.Ed.2d 447 (1965); *McCarty v. State*, 616 S.W.2d 194, 196 (Tex.Cr.App.1981).

■ Section 9.32(2) provides a commonly recognized legal standard by which to judge one's conduct. One who employs deadly force in self-defense is held to the standard of a reasonable person in determining whether he should have retreated. The mere fact that the average person or his attorney may not be able to predict the jury's decision on the question of what a reasonable person would have done, is not sufficient to render a statute employing the standard unconstitutionally vague. *See United States v. Ragen*, 314 U.S. 513, 523, 62 S.Ct. 374, 378, 86 L.Ed. 383 (1942); *Ketchum v. Ward*, 422 F.Supp. 934, 941 (W.D. N.Y.1976), *aff'd*, 556 F.2d 557 (2nd Cir. 1977). It is proper to permit the jury to decide what a reasonable person would have done under the circumstances; and in so deciding, "[the jury] is entitled to draw on [their own] knowledge of the propensities of a 'reasonable' person...." *Hamling v. United States*, 418 U.S. 87, 104–105, 94 S.Ct. 2887, 2901, 41 L.Ed.2d 590 (1974); *see also Smith v. United States*, 431 U.S. 291, 302, 97 S.Ct. 1756, 1764, 52 L.Ed.2d 324 (1976).

■ Appellant contends that the potential for different verdicts under the reasonable person standard used in the statute further demonstrates the unconstitutional uncertainty. However, as the United States Supreme Court noted in *Roth v. United States*, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), "[I]t is common experience that different juries may reach different results under any criminal statute. That is one of the consequences we accept under our jury system." 354 U.S. at 492, n. 30, 77 S.Ct. at 1313, n. 30. *See also Hamling v. United States*, 418 U.S. 87, 101, 94 S.Ct. 2887, 2899, 41 L.Ed.2d 590 (1974).

■ In deciding a section 9.32(2) question, the jury is obligated and here was so instructed, to apply the objective reasonable person test. Their discretion is not unfettered. The issue the jury must decide is not whether the defendant or they themselves would not have retreated; it is whether a *reasonable person* would not have retreated. Appellant's argument that section 9.32(2) is vague because it lacks any standard by which his conduct is to be gauged is without basis.

■ Appellant's second vagueness attack on section 9.32(2) is that the statute does not define "retreat." The word "retreat" has a commonly understood meaning

**910**

in the English language, and is defined as "[t]o withdraw; retire; go back." *The American Heritage Dictionary of the English Language* at 1110 (New College Ed.1978). As stated above, only a reasonable degree of certainty is required and it is well recognized that statutes, of necessity, deal with multiple, unpredictable variations in circumstances. *Boyce Motor Lines*, 342 U.S. at 340, 72 S.Ct. at 330; *Ely v. State*, 582 S.W.2d 416, 419 (Tex.Cr.App. 1979); *see also Reeves v. State*, 566 S.W.2d 630, 632 (Tex.Cr.App.1978). Clearly it would have been impossible for the legislature to enumerate what would be called for in every imaginable circumstance in which the issue might arise, and to attempt to do so would have been inappropriate. *See Smith v. United States*, 431 U.S. at 302, 97 S.Ct. at 1764. Instead, the obligation to and extent of retreat in any given situation is aptly measured against the response of the reasonable person in defendant's situation. TEX. PENAL CODE ANN. § 9.32 Practice Commentary (Vernon 1974).

■ Section 9.32(2), although it does not provide an exhaustive, detailed definition of what retreat a person is obligated to take in every situation, sufficiently sets forth the obligation to withdraw from a situation if and to the extent a reasonable person under the same set of circumstances would withdraw. The standard to which an actor is held by section 9.32(2), that of a reasonable person, likewise suffices to inform ordinary persons what is expected of them.

Appellant's third ground of error alleges that section 9.32(2) violates principles of equal protection because section 9.33 regarding use of force or deadly force in defense of a third person does not impose on the actor an obligation to retreat. It is well settled that a law does not violate either the Texas or United States Constitution, so long as any disparity in treatment does not affect a fundamental right or burden a suspect class and is rationally related to a legitimate state interest. *Clark v. State*, 665 S.W.2d 476, 480–481 (Tex.Cr. App.1984); *Milligan v. State*, 554 S.W.2d 192, 194 (Tex.Cr.App.1977). Appellant

does not claim injury to a fundamental right nor does he claim membership in a suspect class. Therefore, the inquiry is whether there is a rational relationship between the classification and some legitimate state interest. *Smith v. State*, 444 S.W.2d 941, 944 (Tex.Cr.App.1969).

Although appellant is not impressed, the rationale expressed in *Crawford v. State*, 629 S.W.2d 165 (Tex.App.—Waco 1982, no pet.), explains why a rule requiring one to retreat before defending another would be absurd:

> To hold otherwise ... would require one who perceives another under attack by unlawful force, and believes that his intervention is immediately necessary to prevent the attack, to simply walk away if he can reasonably do so without injury to himself and leave the victim to the whims of the assailant.

*Crawford*, 629 S.W.2d at 168. That rationale simply does not apply to self-defense, where the person who believes himself to be under attack has only his own safety to worry about.

■ It cannot be said that the state has no legitimate interest in eliminating unnecessary loss of life. The legislature reasonably and nonarbitrarily advanced that interest by imposing a duty to retreat in self-defense situations. Rational thought further reveals that imposition of the same rule in situations involving defense of another would not serve the state's interest in preserving life, and potentially would harm that interest. There is a rational justification for imposition of the duty to retreat in self-defense situation and not in the case of defense of third persons. Therefore, section 9.32(2) does not violate equal protection on the basis propounded by appellant.

Appellant's grounds of error two and three are overruled, and the judgment of the trial court affirmed.